```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x
                                  :
UNITED STATES OF AMERICA          :   CONSENT PRELIMINARY ORDER OF
                                  :   FORFEITURE AS TO SPECIFIC
            -v.-                      PROPERTIES/MONEY JUDGMENT
                                  :
DENIS KURLYAND,                       13 Cr. 327 (PGG)
                                  :
            Defendant.
                                  :
- - - - - - - - - - - - - - - - - x

       WHEREAS, on or about May 1, 2013, DENIS KURLYAND (the "defendant"), was charged in a three-count Indictment, 13 Cr. 327 (PGG) (the "Indictment"), with conspiracy to commit mail fraud and wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); mail fraud, in violation of Title 18, United States Code, Section 1341 (Count Two); and wire fraud in violation of Title 18, United States Code, Section 1343 (Count Three);

       WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, the forfeiture of all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses in the Indictment, including but not limited to, among other assets:

       a) At least $2,196,522 in United States currency, in that such sum in aggregate is property representing the

amount of proceeds obtained as a result of the offenses for which the defendants are jointly and severally liable; and

b) Any and all United States Currency, funds or other monetary instruments credited to the J.P. Morgan Chase Account No. 828330514 in the name of Denis Kuryland.

WHEREAS, on or about August 15, 2013, the defendant pled guilty to Counts One through Three of the Indictment pursuant to a plea agreement with the Government and admitted to the forfeiture allegation;

WHEREAS, the defendant consents to the forfeiture of all of his right, title, and interest in the following:

    a. A sum of money equal to $2,196,522 in United States currency representing the amount of proceeds obtained as a result of the offenses alleged in the Indictment;

    b. Any and all United States currency, funds or other monetary instruments credited to J.P. Morgan Chase Account No. 828330514, in the name of Denis Kurlyand;

    c. Any and all United States currency, funds or other monetary instruments credited to J.P. Morgan Chase Account No. 2958735009, in the name of Denis Kurlyand;

    d. Any and all United States currency, funds or other monetary instruments credited to J.P. Morgan Chase Account No. 994932309, in the name of Denis Kurlyand;

    e. Any and all United States currency, funds or other monetary instruments credited to TD Bank Account No. 7928814313, in the name of Denis Kurlyand;

    f. Any and all United States currency, funds or other monetary instruments credited to TD Bank Account No. 8920471128, in the name of Denis Kurlyand;

    g. Any and all United States currency, funds or other monetary instruments credited to TD Bank Account No. 4276216889, in the name of Denis Kurlyand;

(b. through g. collectively, the "Specific Properties");

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6), of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Properties to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by and through Assistant United States Attorneys Edward A. Imperatore and Nicole W. Friedlander, and the defendant, Denis Kurlyand and his attorney, Steven K. Frankel, Esq., that:

  1. As a result of the offenses charged in the Indictment, to which the defendant pled guilty, a money judgment in the amount of $2,196,522 (the "Money Judgment") shall be entered against the defendant, as part of his criminal sentence.

  2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of

Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment is final as to the defendant, Denis Kurlyand, and shall be deemed part of the sentence of the defendant and shall be included in the judgment of conviction therewith.

3.  Upon execution of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment and pursuant to Title 21, United States Code, Section 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

4.  All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, and made payable, in this instance to the "United States Marshals Service," and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5.  All of the defendant's right, title and interest in the Specific Properties is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

6.  Upon entry of this Consent Preliminary Order of

Forfeiture as to Specific Properties/Money Judgment, the United States Marshals Service (or its designee) is authorized to seize the Specific Properties and hold the Specific Properties in its secure, custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment. Any person, other than the defendant in this case, claiming an interest in the Specific Properties must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the

Specific Properties and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Properties pursuant to Title 21, United States Code, Section 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

11. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Consent Preliminary Order of Forfeiture as to Specific Properties/Money Judgment, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of additional forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

12. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

13. The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney Carolina A. Fornos, the Money Laundering and Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

14. The signature pages of this order may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York

By: _____          3/11/15
    EDWARD A. IMPERATORE                      DATE
    NICOLE W. FRIEDLANDER
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212)637-2327/2211


DENIS KURLYAND
DEFENDANT

By: _____          3/11/15
    DENIS KURLYAND                            DATE

By: _____          3/11/15
    STEVEN K. FRANKEL, ESQ.                   DATE
    Attorney for Defendant
    Steven K. Frankel, Esq., PLLC
    325 Broadway, Suite 502
    New York, New York 10007

SO ORDERED:

_____              March 11, 2015
HONORABLE PAUL G. GARDEPHE                   DATE
UNITED STATES DISTRICT JUDGE